

**FILED**

OCT 18 2013

Clerk, U.S. District Court
District Of Montana
Missoula

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| MELINDA GOPHER, President of Ahontoays Band and Heir to Robert & Dorothy Gopher's Estate,<br><br>      Plaintiff,<br><br>vs.<br><br>CASCADE COUNTY, CAREY ANN SHANNON, GERALD BOLAND, MIKE GOPHER, PHYLLIS PARKER, and MARCUS RED THUNDER OF THE BEAR CLAW TRIBE, INC.,<br><br>      Defendants. | CV 13–214–M–DWM–JCL<br><br><br><br>ORDER |

Pending is Plaintiff Melinda Gopher's Motion to Proceed *in Forma Pauperis* and Complaint and Petition for Emergency Injunction. (Docs. 1-2). Ms. Gopher seeks to enjoin a November 2, 2012 order issued in a state court probate action. To the extent a final decision has been rendered in the state court action, this matter is barred by *res judicata* and the *Rooker-Feldman* doctrine. To the extent the state court probate action is ongoing, the Court must abstain pursuant to the *Younger* doctrine. The motion to proceed *in forma pauperis* will be granted but the emergency injunction will be denied and the complaint dismissed.

-1-

## I.   Motion to Proceed in Forma Pauperis

Ms. Gopher submitted a declaration sufficient to make the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).

## II.   28 U.S.C. § 1915(e)(2) Review

Ms. Gopher is proceeding *in forma pauperis* so her Complaint is reviewed under 28 U.S.C. § 1915.  Section 1915(e)(2)(B) allows for the dismissal of a complaint filed *in forma pauperis* before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of her "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).  Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se*

-2-

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive a district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). A court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to *pro se* litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## III.   Analysis

Ms. Gopher seeks the return of a 13-star peace flag bundle and its contents. She contends that Cascade County has exercised illegal control over the Gopher family's artifacts. She seeks an immediate injunction barring the effect of a November 12, 2012 state court order, the return of her family's property which was subject to a probate action which commenced in Cascade County on July 22,

-3-

2010, and a stay of all state court proceedings.

According to a December 18, 2012 Order of the Montana Supreme Court, this matter arises from an Eighth Judicial District Court probate action. Ms. Gopher filed a petition for extraordinary writ and supervisory control in the Montana Supreme Court seeking to challenge the Eighth Judicial District Court's exercise of subject matter jurisdiction over the peace flag bundle. *See generally In re: Estate of Gopher*, Cause No. OP-12-0718 (Mont. Dec. 18, 2012). Ms. Gopher asked the Montana Supreme Court for relief similar to that sought here. In the Montana Supreme Court, Ms. Gopher sought to void the November 2, 2012 Findings of Fact, Conclusions of Law issued by the Eighth Judicial District Court and dismiss the case for lack of subject matter jurisdiction. She also sought a temporary injunction for relinquishment of the flag bundle and its contents to the Blackfeet Tribal Court. The Montana Supreme Court found that an appeal would offer Ms. Gopher an adequate remedy and therefore she was not entitled to any relief by way of supervisory control. *Id.*

This action has been and is being litigated in state court. To the extent there is a final judgment on the merits regarding the probate action, this case is barred by *res judicata*. *Res judicata* provides that a final judgment on the merits bars a subsequent action between the same parties over the same cause of action. *In re*

-4-

*Imperial Corp. of America,* 92 F.3d 1503, 1506 (9th Cir. 1996). "[A] final judgment on the merits of an action precludes the parties or the privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94 (1980). *Res judicata* bars a later suit where the previous suit (1) involved the same "claim" as the later suit, (2) reached a final judgment on the merits, and (3) involved the same parties or their privies. *Nordhorn v. Ladish Co., Inc.,* 9 F.3d 1402, 1404 (9th Cir. 1993).

Ms. Gopher appears to be raising the same claims she brought in state court. Even if Ms. Gopher is attempting to raise different claims regarding this same issue, claim preclusion "bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980); *see also San Remo Hotel, L.P. v. City and County of San Francisco, Cal.*, 545 U.S. 323, 336  n. 16 (2005).

Furthermore, Ms. Gopher cannot appeal the decisions of the State District Court or the Montana Supreme Court to this Court. The *Rooker-Feldman* doctrine requires the dismissal of a complaint for lack of subject-matter jurisdiction if it is a de facto appeal from a state court decision. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

"The basic premise of *Rooker-Feldman* is that 'a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court.'" *Maldonado v. Harris*, 370 F.3d 945, 949 (9th Cir. 2004) (*citing Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003)). This doctrine "recognizes the implicit statutory structure established by Congress, which has determined that the United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts." *Maldonado*, 370 F.3d at 949. Ms. Gopher seeks an order overturning a decision of a state district court. The Court does not have subject matter jurisdiction to issue such an order.

To the extent the state court proceedings are ongoing, the Court must abstain pursuant to *Younger* doctrine. Federal courts may raise the issue of *Younger* abstention *sua sponte*. *Bellotti v. Baird*, 428 U.S. 132, 143–44 n.10 (1976) and *The San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998). There is a strong policy against federal intervention in pending state judicial processes in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *see also Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (*quoting Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982)). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity,

-6-

comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). Specifically, *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local criminal proceedings. *Gilbertson*, at 381 F.3d at 968. *Younger* abstention also applies to federal civil actions under § 1983. *Gilbertson v. Albright*, 381 F.3d 965, 979 (9th Cir. 2004).

The Ninth Circuit has concluded that the federal courts must abstain under *Younger* if the following four requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*City of San Jose*, 546 F.3d at 1092 (*citing Gilbertson*, 381 F.3d at 978, and *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)).

Where applicable, *Younger* abstention is mandatory. Absent exceptional circumstances, the district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are

limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)).

All of the elements of *Younger* abstention are established in this case. To the extent there are ongoing state proceedings, they implicate important state interests. The State of Montana has an interest in administering probate actions filed in its state court.

Ms. Gopher will have an opportunity to raise any issue, or to assert any constitutional right that she is attempting to present to this Court, in the state court. Ms. Gopher bears the burden to establish "that state procedural law bar[s] presentation of [her] claims[]" in the state court proceedings. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (quoting *Moore v. Sims*, 442 U.S. 415, 432 (1979)). There is no reason why Ms. Gopher will not be able to present any issues to the state court or prosecute an appeal with respect to any adverse judgment. To the contrary, she has opportunities under Montana law, and the laws and rules of civil procedure to file motions, or to request certain forms of relief from the state court to address any alleged violations of her federal rights relative to the probate case.

Lastly, Ms. Gopher seeks to have this Court enjoin the Montana Eighth Judicial District Court from enforcing its November 12, 2012 Order. The relief she seeks would have this federal court enjoin those proceedings, or have the practical effect of doing so, and would thus interfere with the state court proceedings in a way that *Younger* disapproves.

The Court must abstain from proceeding with consideration of Ms. Gopher's claims. As Ms. Gopher is seeking only injunctive and declaratory relief, dismissal is appropriate. *Gilbertson*, 381 F.3d at 981.

## IV. Conclusion

To the extent there has been a final judgment in the state court probate action, Ms. Gopher's claims are barred by *res judicata* and the *Rooker-Feldman* doctrine. If no final judgment has been entered, Ms. Gopher's claims are barred by the *Younger* doctrine.

IT IS ORDERED that Ms. Gopher's Motion to Proceed *in Forma Pauperis* (Doc. 1) is granted. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on October 15, 2013.

IT IS FURTHER ORDERED that Ms. Gopher's Request for an Emergency Injunction is DENIED and the Complaint is DISMISSED.

-9-

IT IS FURTHER ORDERED that the docket shall reflect the Court's certification pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case.

DATED this _18_ day of October, 2013.

Donald W. Molloy, District Judge
United States District Court